USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/22/2023

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

DREAMTEX, INC. and EVAN YOUNG,

                Petitioners,

- against -

ALVA ADVANCE, LLC,

                Respondent.

**22 Civ. 9248 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On August 1, 2022, respondent Alva Advance, LLC ("Respondent") obtained an arbitration award (the "Arbitration Award" or the "Award") in the amount of $483,783.75 against petitioners Dreamtex, Inc. ("Dreamtex") and Evan Young ("Young" and with Dreamtex, "Petitioners"). (See "Final Arbitration Award," Dkt. No. 3-9.) Petitioners filed a motion to vacate the Arbitration Award (see "Motion," Dkt. No. 2), pursuant to Section 10 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 10.

In their Motion, Petitioners seek an order vacating the Arbitration Award and remanding the arbitration to a newly appointed neutral arbitration organization. Respondent is a New York-based limited liability merchant cash advance ("MCA") company that enters into MCA agreements with small businesses, providing upfront cash in exchange for future receivables. In 2021, Dreamtex and its owner, Young, entered

into two such agreements (the "MCA Agreements" or the "Agreements") with Respondent. The Agreements, according to Petitioners, were criminally usurious because of the high interest rate and aggressive fixed daily payments required under the contracts. Due to insufficient funds, Dreamtex was unable to make its daily payments, and Respondent subsequently filed a demand for arbitration with Mediation and Civil Arbitration, Inc. ("M&C, Inc."), one of the two arbitral forums permitted by the Agreements.

Though Petitioners had agreed to arbitrate before a neutral, unbiased arbitral forum, M&C, Inc., without input from the parties, unilaterally appointed Ira David, Esq. as the arbitrator. Petitioners again objected to the appointment and demanded disclosures. Despite these objections, on August 1, 2022, M&C, Inc. delivered the Final Arbitration Award, dated July 28, 2022, to Respondent in the amount of $483,783.75.

Petitioners timely initiated the instant action, filing a petition (see "Petition," Dkt. No. 1) and Motion to vacate the Arbitration Award (see Motion).[1] Petitioners argue that

---

[1] Under the FAA, notice of a motion to vacate an arbitration award must be served within three months of the date the arbitration award is filed or delivered. See 9 U.S.C. § 12. The instant action was timely filed, as the Final Arbitration Award was delivered on August 1, 2022, Petitioners initiated this action on October 27, 2022 (see Dkt. No. 1), and Respondent was served on October 28, 2022 (see Dkt. No. 6).

vacatur of the Award is warranted on the grounds that the arbitral forum deprived Petitioners of due process in securing the Arbitration Award, that there was "evident partiality" of the arbitrator, 9 U.S.C. § 10(a)(2), that there was fraud and misconduct, and that there was a manifest disregard of the law. (See generally Motion.)

After Petitioners filed the Motion, Respondent filed its opposition (see "Opposition" or "Opp," Dkt. No. 15), and Petitioners subsequently filed a reply in support of their Motion (see "Reply," Dkt. No. 18). After full briefing was completed, Respondent submitted a letter to the Court on July 31, 2023, indicating that it "consent[ed] to the petition and motion being granted to the extent that the award be vacated." ("Resp. Ltr.," Dkt. No. 19.) Because the parties are in agreement as to the resolution of this Motion,[2] the Court

---

[2] In its Opposition, Respondent also argues that dismissal is warranted because venue is improper in this Court. (See Opp. at 1.) Citing the "Venue and Forum Selection" section of the MCA Agreements, Respondent contends that this action should have instead been brought before a Florida court. (See id.) However, Respondent's argument lacks merit. The "Venue and Forum Selection" section of the MCA Agreements expressly provides that "any action or proceeding to *enforce a judgment or arbitration award* against any Merchant or Guarantor or *to restrain or collect any amount* due to ALVA may be commenced and maintained *in any other court of competent jurisdiction*." (MCA Agreements ¶ 40 (emphases added).) In another section titled "Arbitration," the Agreement states that matters of arbitration "will be governed by and construed in accordance with the provisions of the Federal Arbitration Act" and that "any application for injunctive relief in aid of arbitration or to confirm an arbitration award may be made under the arbitration laws of the State in which the arbitration is being conducted." (Id. ¶ 47.)

  The Court finds that under the FAA and New York law, this Court in the Southern District of New York is a court of competent jurisdiction as the arbitration award was made in New York, New York and the arbitration

3

hereby **GRANTS** Petitioners' now unopposed Motion to vacate the Arbitration Award.

In their Motion, Petitioners also seek an order remanding the arbitration to a newly appointed arbitration organization. Respondent does not address in its Opposition whether in the event of vacatur, remand to a new arbitral forum is warranted, nor does Respondent express a position in its July 23, 2023 letter to the Court. Because Respondent has failed to oppose this requested relief, the Court finds that Respondent has waived the issue. See, e.g., Arista Records, LLC v. Tkach, 122 F. Supp. 3d 32, 38-39 (S.D.N.Y. 2015) (noting that where a party fails to oppose a particular argument, it is deemed waived); Kao v. Brit. Airways, PLC, No. 17 Civ. 0232, 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018) (deeming the plaintiffs' failure to oppose the defendants' specific argument in a motion to dismiss as waiver of the issue). Accordingly, Petitioners' request for a newly appointed arbitration organization is **GRANTED.**

---

proceeding presumably occurred in this jurisdiction. See 9 U.S.C. § 10(a) (stating that "the United States court in and for the district wherein the [arbitration] award was made may make an order vacating the award upon the application of any party to the arbitration); N.Y. C.P.L.R. § 7502(a)(i) (providing that proceedings affecting arbitration may "be brought in the county where at least one of the parties resides or is doing business or where the arbitration was held or is pending"). Accordingly, as a United States court in the Southern District of New York, the district wherein the arbitration award was made, this Court is a proper venue for this action, and it rejects Respondent's argument as meritless.

4

For the foregoing reasons, it is hereby

**ORDERED** that the motion (see Dkt. No. 2) filed by petitioners Dreamtex, Inc. and Evan Young ("Petitioners") to vacate the arbitration award in favor of respondent Alva Advance, LLC is **GRANTED**. The Final Arbitration Award (see Dkt. No. 3-9) is hereby **VACATED**; and it is further

**ORDERED** that the request by Petitioners for a remand of the arbitration to a newly appointed, neutral arbitration organization is **GRANTED**. The parties are directed to confer and submit a joint letter selecting a new arbitrator within fourteen (14) days of the date of this Order. If the parties cannot reach an agreement within the time allotted, they shall file a joint letter seeking further assistance from the Court. The Clerk of Court is respectfully directed to terminate any pending motions, and to close this case.

**SO ORDERED.**

Dated:    22 August 2023
          New York, New York

_____
Victor Marrero
U.S.D.J.